William D. Hyslop
United States Attorney
Eastern District of Washington
Richard R. Barker
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 07, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:20-CR-24-SAB-4 |
| v. | Plea Agreement |
| DAVID SANTANA SANCHEZ, | |
| Defendant. | |

Plaintiff United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington; Richard R. Barker, Assistant United States Attorney for the Eastern District of Washington; Defendant, DAVID SANTANA SANCHEZ, and Defendant's counsel, Bryan Whitaker, agree to the following Plea Agreement:

1. <u>Waiver of Physical Presence; Guilty Plea; Maximum Statutory Penalties</u>:

Defendant, DAVID SANTANA SANCHEZ (hereinafter Defendant) by and through this Plea Agreement and pursuant to CARES Act § 15002(b)(2), Pub. L. No. 116-136 (H.R. 748) (eff. March 27, 2020), and General Order No. 20-101-3 (E.D.Wa. Mar. 30, 2020), expressly waives his right to be physically present in the same courtroom as the presiding judge, *see* Fed. R. Crim. P. 43(a), and consents to appear by video teleconferencing and agrees to plead guilty to the Information

Plea Agreement – David Santana Sanchez - 1

Superseding Indictment in Case No. 2:20-CR-00024-SAB-2, charging him with Passing Counterfeit Currency, in violation of 18 U.S.C. § 472.

Defendant understands that Passing Counterfeit Currency is a Class C felony. Defendant understands the maximum statutory penalties for Passing Counterfeit Currency, in violation of 18 U.S.C. § 472 are as follows: (1) not more than a twenty (20)-year term of imprisonment; (2) a fine not to exceed $250,000; (3) not more than a three (3)-year term of supervised release; (4) restitution; and (5) a $100 special penalty assessment.

Defendant understands that a violation of a condition of any period of supervised release imposed by the Court carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. <u>The Court is Not a Party to the Agreement:</u>

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is not obligated to accept the parties' recommendations and that the Court may, in its discretion, impose any sentence, including the statutory maximums set forth above.

Defendant acknowledges that no promises of any type have been made to him with respect to the sentence the Court will impose in this matter. Defendant understands that the Court is required to consider the applicable advisory sentencing guideline range, but may depart or vary upward or downward under the appropriate circumstances after considering the sentencing factors set forth in 18 U.S.C. § 3553(a).

Defendant also understands that, if the Court does not accept the parties' recommendations, then that decision is not a basis for withdrawing from either this Plea Agreement or this plea of guilty.

Plea Agreement – David Santana Sanchez - 2

3. <u>Waiver of Constitutional Rights:</u>

Defendant understands that, by entering a plea of guilty, Defendant is knowingly, and voluntarily waiving certain constitutional rights, including:

    (a). the right to a jury trial;

    (b). the right to see, hear and question the witnesses;

    (c). the right to remain silent at trial;

    (d). the right to testify at trial; and

    (e). the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands he retains the right to be assisted, through the sentencing and any direct appeal of the conviction and sentence, by an attorney who will be appointed at no cost if Defendant cannot afford to hire an attorney. Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4. <u>Elements of the Offenses:</u>

*Passing Counterfeit Currency*:

The United States and Defendant agree that, in order to convict Defendant of Passing Counterfeit Currency in violation of 18 U.S.C. § 472, 2, the United States would have to prove beyond a reasonable doubt the following elements:

*First*, on or about May 28, 2019, in the Eastern District of Washington, Defendant knowingly passed three (3) falsely made, forged, and counterfeit $20 Federal Reserve Notes bearing serial number MD40205307D, two (2) falsely made, forged, and counterfeit $20 Federal Reserve Notes bearing serial number IL01772199E, and six (6) falsely made, forged, and counterfeit $20 Federal Reserve Notes bearing serial number ME85502694C, to an employee at Providence Health Care, Sacred Heart Medical Center

Plea Agreement – David Santana Sanchez - 3

*Second*, Defendant knew the FRNs were counterfeit;

*Third*, Defendant acted with intent to defraud.

5. Factual Basis and Statement of Facts:

The United States and Defendant stipulate and agree that the United States could prove these facts beyond a reasonable doubt at trial and that these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the guideline computation or sentencing, unless otherwise prohibited in this Plea Agreement.

**Background:**

Beginning in October 2019, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) began an investigation into drug and gun trafficking allegations after a confidential source (CS) communicated to ATF that two individuals (MICHAEL DURUBIO and JESSICA LEANN MORRIS) offered to sell firearms to the CS. During the investigation, ATF, working with the with United States Secret Service (USSS), identified evidence that DURUBIO and MORRIS were also involved in counterfeiting U.S. Federal Reserve Notes (FRNs). The investigation further established that two other individuals – JAMES THOMAS BROWN, and DAVID SANTANA SANCHEZ – were also involved in the counterfeiting operation and/or passing counterfeit FRNs. During the investigation, ATF and USSS utilized the CS to conduct a number of controlled buys that were both audio and video recorded. Several of the suspects also spoke with law enforcement and admitted to being involved with trafficking firearms, narcotics and engaging in the manufacture, passing, and possession of counterfeit FRNs.

**Passing Counterfeit Currency**

On June 3, 2019, Secret Service responded to a call from the gift shop at Providence Sacred Heart Hospital located at 101 W. 8th Avenue in Spokane. According to gift shop personal, four suspects arrived at the gift shop on May 28, 2019, and one member of the group purchased $255.79 in jewelry using $20 counterfeit federal reserve notes. The very next day (May 29, 2019), two of the four individuals returned to the gift shop and returned the jewelry that had been purchased using the counterfeit notes and received genuine federal reserve notes in return. Surveillance footage from this incident shows SANCHEZ as being one of the four individuals who went to the gift shop to pass counterfeit notes. Video shows that SANCHEZ then returned the purchased items the next day.

The counterfeit currency passed by SANCHEZ and his associates included the following fake federal reserve notes:

- Three counterfeit $20 federal reserve notes, bearing serial number MD40205307D

- Two counterfeit $20 federal reserve notes, bearing serial number IL01772199E

- Six counterfeit $20 federal reserve notes, bearing serial number ME85502694C

On October 7, 2019, SANCHEZ was arrested in Spokane County on a DOC warrant. At the time of his arrest, SANCHEZ was in possession of one counterfeit $10 federal reserve note and one counterfeit $20 federal reserve note. That day, Secret Service met with SANCHEZ, who waived his Miranda rights and agreed to speak with the Secret Service agents. SANCHEZ initially stated that he obtained the counterfeit currency from an unknown convenience store. When confronted with evidence of his counterfeiting activities, SANCHEZ admitted to passing counterfeit currency at the Sacred Heart gift store and at a Maverik gas station.

SANCHEZ, however, attempted to downplay his possession, claiming that he passed on behalf of someone SANCHEZ identified as "Phil," who SANCHEZ claimed was manufacturing the counterfeit bills.

During the investigation, Secret Service interviewed a number of SANCHEZ's associates, including his co-defendant DURUBIO. DURUBIO volunteered that SANCHEZ was the individual who taught him how to manufacture counterfeit currency.

6. The United States Agrees:

a) Dismissal:

Defendant understands and agrees that the United States will move to dismiss SANCHEZ from the Indictment in 2:20-CR-00024-SAB-4, after Defendant has been sentenced by the Court.

b) Not to File Additional Charges:

The United States Attorney's Office for the Eastern District of Washington, agrees not to bring any additional charges against Defendant based upon information in its possession, at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in this Indictment and Information Superseding Indictment, unless Defendant breaches this Plea Agreement, any time before sentencing.

7. United States Sentencing Guideline Calculations:

Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG") are applicable to this case, and that the Court will determine Defendant's applicable advisory sentencing guideline range at sentencing.

Plea Agreement – David Santana Sanchez - 6

a) <u>Base Offense Level</u>:

The United States and Defendant agree that the base offense level for Passing Counterfeit Currency is 9. *See* USSG § 2B5.1(a). The United States will further seek an upward adjustment on the basis that Defendant manufactured or produced counterfeit U.S. currency, which would result in an upward adjustment of +6. *See* USSG § 2B5.1(b)(3). Defendant has indicated that he may seek to oppose an adjustment under § 2B5.1(b)(3) at the time of sentencing.

b) <u>Acceptance of Responsibility:</u>

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility, for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement no later than the next scheduled pre-trial conference, and enters a plea of guilty as soon thereafter, as it may be placed on the court's docket, the United States will recommend that Defendant receive a two (2) level reduction for acceptance of responsibility. *See* USSG §3E1.1(a). If Defendant's adjusted offense level is 16 or greater, the United States will recommend that Defendant receive an additional one (1) level reduction for acceptance of responsibility. *See* USSG §3E1.1(b)

Defendant and the United States agree that the United States may, at its option and upon written notice to Defendant, not recommend a two (2) or three (3) level downward reduction for acceptance of responsibility if, before sentencing, Defendant is charged or convicted of any criminal offense whatsoever, or if Defendant tests positive for any controlled substance.

Plea Agreement – David Santana Sanchez - 7

      c)    Criminal History:

The United States and Defendant have made no agreement and make no representations as to the criminal history category, which will be determined by the Court, after the Presentence Investigative Report is completed.

8. Departures and Variances:

The United States agrees not to seek an upward departure from the applicable sentencing guideline range, as determined in the Presentence Investigation Report. Either party is free under the plea agreement to argue for against any additional guideline(s) adjustment determined to apply in the Presentence Investigation Report.

9. Incarceration:

The United States agrees to recommend that the Court impose a sentence at the bottom of the applicable guidelines range as determined by the Court. The Defense is free to recommend any legal sentence.

10. Criminal Fine:

The parties agree that neither party will recommend a criminal fine.

11. Probation and Supervised Release:

The United States and Defendant agree to recommend that the Court impose a 3-year term of supervised release to include any special conditions of supervised release determined by Probation.

12. Restitution:

Defendant agrees to pay restitution as ordered under the Mandatory Victim Restitution Act. The parties hereby agree pursuant to this Plea Agreement that any interest on this restitution amount should be waived. The parties agree the Court will set a payment schedule based on Defendant's financial circumstances. *See* 18 U.S.C. § 3664(f)(2), (3)(A).

13. <u>Mandatory Special Penalty Assessment:</u>

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of the Court at the time of sentencing. *See* 18 U.S.C. § 3013.

14. <u>Additional Violations of Law Can Void Plea Agreement:</u>

Defendant and the United States agree that the United States may, at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, before sentence is imposed, Defendant is charged or convicted of any criminal offense whatsoever, or if Defendant tests positive for any controlled substance.

15. <u>Appeal Rights:</u>

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby reserves the right to appeal the following: 1) a sentence above the high end of the advisory guideline range as determined by the Court; and 2) any imposition of a restitution order in excess of $1,000. All other direct appeal rights are waived. Defendant, further, expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any motion for reduction of sentence or other attack of the conviction or sentence, including but not limited to proceedings pursuant to 28 U.S.C. § 2255 (Writ of Habeas Corpus). Should this conviction be set aside, reversed, or vacated, this Plea Agreement is null and void and the United States may institute or re-institute any charges against Defendant (including charges dismissed with prejudice).

Plea Agreement – David Santana Sanchez - 9

16. <u>Integration Clause:</u>

The United States and Defendant, acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant. This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and therefore cannot bind other federal, state or local authorities. The United States and Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

William D. Hyslop
United States Attorney

_____          1/6/2021
Richard R. Barker                                     Date
Assistant U.S. Attorney

I have read this Plea Agreement, have carefully reviewed, and discussed, every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

Plea Agreement – David Santana Sanchez - 10

_____  　　1-6-21
DAVID SANTANA SANCHEZ　　　　　　　Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties.

I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____B✓ p w/k_____　　　　1/5/21
Bryan Whitaker　　　　　　　　　　　　Date
Attorney for Defendant

Plea Agreement – David Santana Sanchez - 11